UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HESTER,

        Petitioner,

                                                Case No. 14-cv-10419

v.

                                                HON. MARK A. GOLDSMITH

BONITA HOFFNER,

        Respondent.

_____/

## OPINION AND ORDER
## (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1); (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. INTRODUCTION

Petitioner Joseph Hester, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Following a jury trial in the Wayne County Circuit Court in 2009, Petitioner was convicted of three counts first-degree criminal sexual conduct, Mich. Comp. Laws § 750.530b(1)(a) (person under 13), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a) (person under 13). Petitioner was ultimately sentenced in 2011 to concurrent terms of 28-to-80 years' imprisonment on the first-degree convictions, and concurrent terms of 10-to-15 years' imprisonment on the second-degree convictions.

Petitioner's sole claim on habeas review is that trial counsel was ineffective during jury voir dire for failing to request that four jurors be removed for cause or based upon peremptory challenge. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis

on appeal.

## II.  BACKGROUND

Petitioner's convictions arose from his sexual abuse of his biological daughter and his step-daughter when they were young girls.  The incidents, which included fondling, as well as penile and oral penetration, occurred at their shared residence between 2006 and 2008.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising the several claims, including the same claim presented on habeas review.  The court affirmed Petitioner's convictions, but remanded for resentencing. People v. Hester, No. 295619, 2011 WL 341685, at *5 (Mich. Ct. App. Feb. 3, 2011) (per curiam). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  People v. Hester, 798 N.W.2d 796 (Mich. 2011).

Petitioner also pursued collateral review in the state courts, raising additional issues which are not germane to the instant petition.  The state trial court denied relief on procedural grounds, as well as the merits, in 2012 (Dkt. 12).  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied pursuant to Michigan Court Rule 6.508(D). People v. Hester, No. 311826 (Mich. Ct. App. May 30, 2013) (Dkt. 15).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. People v. Hester, 838 N.W.2d 154 (Mich. 2013).

Petitioner thereafter filed his federal habeas petition, challenging the effectiveness of trial counsel during jury voir dire.  Respondent has filed an answer to the petition (Dkt. 6), contending that it should be denied.

## III.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as

fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,

4

131 S. Ct. at 786-787.

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

The Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. Harrington, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. Id. at 99-100.

In the present case, the AEDPA deferential standard of review applies to Petitioner's case, where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See Werth v. Bell, 692 F. 3d 486, 492-494 (6th Cir. 2012).

## IV.  ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner asserts that he is entitled to habeas relief because his trial counsel was ineffective for failing to request that four jurors be removed for cause or based upon peremptory challenge, where two of the jurors revealed that they were the victims of child sexual abuse, and two of the jurors indicated that they would have difficulty listening to the evidence. Respondent contends that this claim lacks merit.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. Id. at 689.

To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to

6

undermine confidence in the outcome. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 131 S. Ct. at 788. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard. Id. at 788.

In this case, the Michigan Court of Appeals reviewed this claim on direct appeal and ruled that Petitioner failed to establish that trial counsel was ineffective. The court explained:

> Finally, defendant argues that trial counsel was ineffective for declining to exercise peremptory challenges to dismiss jurors who had been victims of sexual abuse. We disagree.
>
> Under the two-pronged test for establishing ineffective assistance of counsel, defendant must show that counsel's performance was deficient according to prevailing professional norms and that the deficiency was so prejudicial that defendant was deprived of a fair trial. People v. Toma, 462 Mich 281, 302; 613 NW2d 694 (2000). On this latter point, defendant must demonstrate a reasonable probability that but for counsel's unprofessional error or errors, the trial outcome would have been different. Id. at 302-303. Defendant must overcome a strong presumption that counsel's actions constituted sound trial strategy. Id. at 302.
>
> While questioning members of the jury panel it was asked if there was "anyone in the jury box who has any close friends or relatives,

7

> or themselves been a victim of any type of sexual assault?" Several jurors raised their hands. Despite this personal relationship with sexual abuse, all of these jurors stated that they could decide the case fairly. In addition, Juror Brown stated that she was a child care worker that she "would have a problem hearing a child testify" when asked by the prosecutor how she felt about a child's testimony. Juror Holmes stated that it would bother her to hear testimony about a child who had endured sexual abuse. Defense counsel asked both Brown and Holmes if they could still render an impartial verdict. Both answered "yes." Defense counsel declined to exercise any peremptory challenges.
>
> "[A]n attorney's decisions relating to the selection of jurors generally involve matters of trial strategy." People v. Johnson, 245 Mich App 243, 259, 639 NW2d 1 (2001). The decision whether to challenge a juror for cause or to exercise a peremptory challenge is a matter of trial strategy that seldom rises to a level of ineffective assistance of counsel. People v. Robinson, 154 Mich App 92, 95; 397 NW2d 229 (1986). Although the jurors indicated that they had been victims of sexual abuse as children, they all stated that they could decide the case fairly. The other two jurors with concerns about seeing children testify also agreed that they could render a fair verdict. In light of this, defense counsel apparently concluded that the removal of these jurors would have been futile. This Court will not second-guess counsel in matters of trial strategy. People v. Stewart, 219 Mich App 38, 42, 555 NW2d 715 (1996). The fact that the strategy chosen did not work does not constitute ineffective assistance of counsel. Id. Defense counsel was not ineffective.

Hester, 2011 WL 341685, at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner fails to establish that trial counsel erred and/or that he was prejudiced by counsel's conduct during jury voir dire. The record reveals that trial counsel questioned jurors who indicated that they or a family member had been the victim of sexual abuse. Counsel successfully removed two of those jurors for cause (Jurors Stephens and Knezek) after they indicated that their experiences might prejudice them against Petitioner. See 11/16/09 Trial Tr. at 50-54 (Dkt. 6). Counsel chose not to seek removal of the other two jurors

(Jurors Miramontes and McPhilamy) after they indicated that their experiences would not prejudice them.  Id. at 51.  Counsel also questioned the two jurors who indicated that they would be troubled by hearing children testify about sexual abuse.  Counsel chose not to seek removal of those jurors (Jurors Brown and Holmes) after they indicated that they could be fair and render a verdict.  Id. at 52.  The record further reveals that the trial court, with counsel's agreement, excused other jurors who indicated that their personal experiences might affect their jury service.  Id. at 58-59, 66.  Trial counsel also exercised peremptory challenges to remove two other jurors.  Id. at 63.

Given the foregoing, it is clear that trial counsel made appropriate inquires during jury voir dire and made reasonable, strategic decisions regarding which jurors to seek to remove for cause and/or based upon peremptory challenge, essentially seeking to remove those who indicated that they might be prejudiced against the defense and keeping those who indicated that they could be fair.  The Sixth Circuit has observed that "[c]ounsel is accorded particular deference when conducting voir dire.  An attorney's actions during voir dire are considered to be matters of trial strategy."  Hughes v. United States, 258 F.3d 453, 457 (6th Cir. 2001).  As such, those actions are also presumed to be sound.  Harris v. Konteh, 198 F. App'x 448, 454-455 (6th Cir. 2006); see also Cordova v. Johnson, 993 F. Supp. 473, 500 (W.D. Texas 1998) ("Selecting a jury is more art than science.  There is nothing unreasonable or unprofessionally deficient in a defense counsel's informed decision to rely upon his own reading of the venire members' verbal answers, body language, and over all demeanor.").  Petitioner fails to overcome the presumption that counsel's conduct during jury voir dire was sound trial strategy.

Moreover, even if Petitioner could show that counsel's performance during jury voir dire was deficient, he cannot show that he was prejudiced by counsel's conduct.  In order to establish

prejudice based upon counsel's failure to seek removal of a jury, a petitioner must show that the juror was actually biased. Miller v. Francis, 269 F.3d 609, 616 (6th Cir. 2001). Petitioner makes no such showing. The fact that two jurors had experienced sexual assault does not mean that they are presumed to be biased against the defense, or that they are actually biased. See Gonzales v. Thomas, 99 F.3d 978, 989-990 (10th Cir. 1996) (juror not presumed biased in rape case even though she was victim of sexual assault); Davenport v. Davis, No. 07-12047, 2009 WL 960411, *5 (E.D. Mich. Apr. 7, 2009) (denying habeas relief on claim that counsel erred by not challenging juror who had been victim of child sexual assault for cause or on peremptory basis). Similarly, the fact that two jurors expressed discomfort with the subject matter of the trial does not support an inference of bias. See Miller, 269 F.3d at 617.

Moreover, all four jurors at issue in this case indicated that they would not be prejudiced by their experiences and could fairly decide the case. Such assurances are presumed truthful. See Patton v. Yount, 467 U.S. 1025, 1036 (1984) (question in juror bias case is whether juror swore that "he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed"); see also Green v. Quarterman, 213 F. App'x 279, 281 (5th Cir. 2007) (counsel was not ineffective for failing to challenge jurors who stated that they or relatives had been crime victims, but also stated that they could be impartial and decide case on the facts); Howard v. Davis, 815 F.2d 1429, 1431 (11th Cir. 1987) (affirming denial of habeas relief where juror said he could be impartial despite relationship with the victim). Petitioner fails to overcome this presumption; his allegations of bias are speculative at best.

Petitioner also asserts that bias of the disputed jurors should be implied. The implied bias doctrine, however, is not clearly established Supreme Court law for purposes of federal habeas review under the AEDPA. Cutts v. Smith, __ F. App'x __, 2015 WL 6843536, *3-4 (6th Cir.

Nov. 9, 2015). Even if it were, Petitioner could not prevail.

The Sixth Circuit has recognized that only "extreme situations" might result in implied bias, including where the juror is an actual employee of the prosecuting agency, the juror is a close relative of one of the participants in the trial or the criminal transaction, or the juror was a witness or somehow involved in the criminal transaction. Johnson v. Luoma, 425 F.3d 318, 326 (6th Cir. 2005) (quoting Smith v. Phillips, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring)); see also Cutts, 2015 WL 6843536, at *5 (same). No such circumstances exist here. Petitioner fails to show that the jurors on his jury panel were biased against him. Thus, Petitioner fails to establish that trial counsel was ineffective under the Strickland standard. Therefore, habeas relief is not warranted on this claim.

For the reasons stated, the Court concludes that Petitioner's claim lacks merit and he is not entitled to federal habeas relief. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

**B. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a

full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

The Court also denies leave to proceed in forma pauperis on appeal, as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a). This case is closed.

## V. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus. The Court also declines to issue a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

SO ORDERED.


Dated: December 17, 2015          s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2015.

                                  s/Karri Sandusky
                                  Case Manager